## Mingle, Cashier, *v.* Rossman et al., Appellants.

*Judgment—Opening judgment—Evidence—Practice.*

Where several persons join in purchasing the contents of a store, and, by direction of the vendor and as part consideration of the sale, give a judgment note to a creditor of the vendor, certain of the persons signing the judgment note cannot allege as a ground for opening the judgment that they joined in the purchase for the purpose of helping a third party who formerly owned the store, and who agreed to run it, and pay the debt represented by the judgment note.

Argued April 17, 1894. Appeal, No. 184, July T., 1894, by defendants, John Rossman et al., from order of C. P. Centre Co., April T., 1888, No. 222, discharging a rule to open judgment entered in favor of Wm. B. Mingle, cashier of the Penns Valley Banking Co. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Rule to open judgment. Before FURST, P. J.

The evidence was to the following effect: The Penns Valley Banking Co. purchased the store property of I. J. Grenoble at sheriff's sale, and afterwards sold it to Henry Krumrine. The latter sold the property to defendants, they agreeing to pay the purchase money due from Krumrine to the bank. Defendants accordingly gave to the bank their judgment note for $6,000, being the note in suit, and the bank received it and credited it on Krumrine's indebtedness. Judgment was entered upon this note. The petition to open the judgment averred that Grenoble, acting as plaintiff's agent, procured the transfer of the property to defendants with the agreement that, after the payment of the indebtedness to the bank out of the business, Grenoble should have whatever was left. Plaintiff denied this; and the agreement of sale, which was in writing, showed no such arrangement. The court found that Grenoble acted as agent for defendants in the purchase of the store, and that the bank took the note and applied it to Krumrine's debt in good faith. The rule was accordingly discharged.

*Error assigned* was above order.

*C. P. Hewes, John G. Love* with him, for appellants.

*Ellis L. Orvis* and *C. M. Bower*, for appellee, not heard.

PER CURIAM, April 30, 1894:

An examination of the testimony relied on by the defendants in this case has satisfied us that the learned court was right in discharging the rule to open the judgment. It is unnecessary to enter upon a detailed consideration of the testimony. It would require more time than we can command, and, in the end, it would serve no useful purpose.

Decree affirmed and appeal dismissed with costs to be paid by the defendants.